UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELISSA SPEER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY MONDEJAR,<br><br>　　　　Defendant. | Case No. 2:21-cv-01355-RFB-VCF<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court for consideration is (ECF No. 30) Defendant Jeremy Mondejar's Motion to Dismiss. For the following reasons, the motion is granted.

### II.　PROCEDURAL BACKGROUND

Plaintiff filed a Complaint for negligence and legal malpractice against Defendant on July 16, 2021. ECF No. 1. On March 1, 2022, Defendant filed a Motion to Dismiss Complaint. ECF No. 11. On January 24, 2023, the Court granted the motion without prejudice and granted Plaintiff leave to amend the complaint. ECF No. 26. On February 27, 2023, Plaintiff filed an Amended Complaint ("FAC"). ECF No. 32. The FAC alleges two causes of action: one for negligence and the other for legal malpractice. That same day, Defendant filed the instant Motion to Dismiss. ECF No. 30. The motion is fully briefed. ECF Nos. 33, 34.[1]

This order follows.

---

[1] On May 4, 2023, the Court granted Defendant's Motion to Stay Discovery. ECF No. 36.

### III.  FACTUAL ALLEGATIONS

The Plaintiff makes the following allegations. Plaintiff and JEM Contracting LLC ("JEM") were sued by Danjon Capital Inc. ("Danjon") in an unrelated civil state court matter in Clark County, Nevada District Court ("JEM Matter"). Defendant was retained to represent JEM, while the Plaintiff represented herself, pro se. The Attorney-Client Agreement ("AC Agreement") between Defendant and JEM did not include representation of Plaintiff. Pursuant to the AC Agreement, Defendant was to file a motion to dismiss for lack of both in personam and subject matter jurisdiction. The Nevada Rules of Civil Procedure require that a motion to dismiss for lack of in personam jurisdiction be filed prior to an answer to the Complaint.

During the JEM Matter, Defendant first filed an answer to the complaint and therefore waived the in personam jurisdiction challenge. Prior to June 13, 2018, Defendant told the state court that he represented Plaintiff, even though he did not. In fact, leading up to that date, Defendant failed to inform Plaintiff of discovery requests, and pending motions for default and summary judgment. Consequently, during the June 13, 2018 hearing, Plaintiff was unable to properly represent herself pro se.[2] Defendant's misrepresentation also led to her pleadings being stricken as "fugitive" pleadings. The Nevada Appellate and Supreme courts were therefore provided an insufficient record to adequately review Plaintiff's claims. Moreover, Plaintiff's successor counsel "was unable to remediate the Defendant's State Case such that it would result in a favorable outcome," and "was unable to present evidence that [Danjon's] case against Plaintiff was (1) premised on fraudulent conduct it engaged in against Plaintiff and (2) precluded by language in a Promissory Note stating that the matter was governed by California law.

Because of Defendant's actions, Plaintiff's credit was impaired, she suffered expenses, losses, and damages, and judgment was obtained in the JEM Matter by fraud upon the Clark County, Nevada District Court. Further, "no successor Counsel or self representations could have reasonably reversed course and trajectory of the State Court Proceedings that otherwise would have terminated in the Plaintiff's favor." What is more, Plaintiff was "forced as a consequence of

---

[2] During the hearing it was discovered that Defendant failed to check his spam folder, precluding a timely response to Danjon's summary judgment motion in the JEM Matter.

- 2 -

the Defendant's malpractice and negligence, to attempt to challenge judgments below that [were] predicated upon his failure to have done due diligence, m[e]et deadlines, timely inform[] the Plaintiff of events and otherwise follow[] procedure, and said attempts began in 2018 with the substantive discovery of the errors."

## IV.  LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The Ninth Circuit has repeatedly instructed that "pro se pleadings . . . are to be liberally construed on a motion to dismiss." Capp v. County of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019).

## V. DISCUSSION

The Court grants Defendant's motion to dismiss.

Defendant moves for this Court to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) or, in the alternative, moves for summary judgment against all of Plaintiff's causes of action. First, Defendant argue that there was no privity between him and Plaintiff. Specifically, as the FAC alleges, there was no AC agreement between them, and therefore Defendant had no responsibility to keep Plaintiff apprised of developments in the JEM Matter. Based on the district court record, Plaintiff failed to keep herself apprised and attend several hearings. Second, the FAC alleges contradictory facts that demonstrate the FAC fails to state any plausible claim. Finally, the FAC fails to allege the elements necessary for either a negligence or legal malpractice cause of action. In either claim, Plaintiff fails to show a duty of care owed to her, any breach, including of an attorney-client duty, causation or damages. As to causation, the state courts, including the Nevada Appeals court, considered Plaintiff's arguments on the merits and rejected them. Further, Plaintiff fails to plead the "but for" conduct required for a legal malpractice claim. Accordingly, the FAC fails to plausibly allege damages.

Plaintiff opposes the motion. First, the FAC plausibly alleges negligence and legal malpractice causes of action. Second, Defendant takes contradictory positions in arguing that there is no attorney-client relationship between them while "seeking to rely upon commitments he made in the Nevada Court case at issue on her behalf as valid." Third, the Court should deny any motion for summary judgment because of discovery admissions that have been deemed admitted which demonstrate that material disputes of fact in this case exist.

### a. Applicable Law

In Nevada, a plaintiff must establish four elements to prevail on a negligence claim: (1) a duty of care; (2) a breach of that duty; (3) legal causation; and (4) damages. Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1175 (Nev. 2008). "Causation has two components: actual cause and proximate cause." Clark Cnty. Sch. Dist. v. Payo, 403 P.3d 1270, 1279 (Nev. 2017). "Proximate cause is defined as 'any cause which in natural [foreseeable] and continuous sequence unbroken by any efficient intervening cause, produces the injury complained of and without which

the result would not have occurred.'" Id.

To prevail on a legal malpractice claim, a plaintiff must prove the following elements: (1) an attorney-client relationship; (2) a duty owed by the attorney to the client "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake"; (3) a breach of that duty; (4) "the breach being the proximate cause of the client's damages"; and (5) that the plaintiff suffered actual loss or damage as a result of the negligence. Day v. Zubel, 922 P.2d 536 (Nev. 1996). "To satisfy the causation element, [the plaintiff] must prove that 'but for' [a defendant]'s negligence, [the plaintiff] would have achieved a better result in the underlying action." Iliescu v. Hale Lane Peek Dennison & Howard Pro. Corp., 455 P.3d 841 (Nev. 2020) (Table); see also Wacht v. Peel & Brimley, LLP, 131 Nev. 1360 (2015) (Table) ("Establishing causation . . . requires the plaintiff to prove what has been characterized as a case within a case, that is, the plaintiff must demonstrate that the claim underlying the malpractice action would have been successful if the attorney had acted in accordance with his or her duties.").

b. Discussion

Whether a defendant owes the plaintiff a duty of care in a negligence action is a question of law. See PetSmart, Inc. v. Eight Judicial District Court in and for County of Clark, 499 P.3d 1182, 1186 (Nev. 2021). In a legal malpractice claim, the plaintiff must prove the existence of an attorney-client relationship. See Stalk v. Mushkin, 199 P.3d 838 (Nev. 2009) (explaining that a cause of action for legal malpractice encompasses breaches of contractual as well as fiduciary duties because both concern the representation of a client and involve the fundamental aspects of an attorney-client relationship); Katie T. Allyn v. Sharon McDonald, 910 P.2d 263 (Nev. 1996). In Plaintiff's FAC, she asserts that the AC Agreement was between the Defendant and JEM. Plaintiff does not allege any other agreement or factual basis for a duty of care or attorney-client arrangement. Plaintiff does incorporate the transcript of State Court proceedings which appear to indicate that the State Court did understand Defendant to be representing Plaintiff. However, the State Court's understanding neither binds this Court nor does it satisfy the pleading threshold necessary for the alleged claims. Accordingly, the Defendant's motion to dismiss is granted

without prejudice.

The Court finds that Plaintiff might be able to amend her complaint to set forth assertions establishing an attorney-client relationship between herself and the Defendant. The Court therefore will give her one final opportunity to amend her complaint. She must do so by October 30, 2023.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Jeremy Mondejar's Motion to Dismiss (ECF No. 30) is **GRANTED** without prejudice. Plaintiff may file an amended complaint by **October 30, 2023**. Failure to file an amended complaint will result in this case being dismissed with prejudice.

**DATED:** September 30, 2023

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**