UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELISSA SPEER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY MONDEJAR,<br><br>　　　　　Defendant. | Case No. 2:21-cv-01355-RFB-MDC<br><br>**ORDER** |

Before the Court is Defendant Jeremy Mondejar's third Motion to Dismiss (ECF No. 39) the Second Amended Complaint (ECF No. 38). For the reasons below, the motion is granted.

### I.　FACTUAL ALLEGATIONS

The following allegations are taken from the Second Amended Complaint.

Plaintiff Elissa Speer and JEM Contracting Co. LLC ("JEM") were sued by Danjon Capital Inc. ("Danjon") in an unrelated civil state court matter in Clark County, Nevada District Court (the "JEM Matter"). Plaintiff is the principle of JEM. Initially, Defendant was retained to represent JEM, while Plaintiff continued to represent herself *pro se* in the JEM Matter. The initial scope of the attorney-client agreement was for Defendant to file a motion to dismiss for lack of *in personam* and subject matter jurisdiction on behalf of JEM.

The attorney-client agreement between Defendant and JEM evolved to first implicitly and then explicitly represent Plaintiff. At some point, Plaintiff sought advice from Defendant on matters within his professional competence and he provided advice and assistance. During the course of the JEM Matter, Defendant represented in court that he was representing Plaintiff. Once the relationship evolved by mutual assent to include representing Plaintiff, Defendant never

1 disaffirmed nor was released by Plaintiff from it. Once Defendant began representing Plaintiff, she
2 ceased getting notices and mail from the court, court staff ceased speaking with Plaintiff, and her
3 filings were stricken as fugitive pleadings. Once Defendant undertook to represent Plaintiff, he
4 failed to inform her of pending discovery requests, motions for default, and attempts at summary
5 judgement. During this time, fees were paid to Defendant.

The Nevada Rules of Civil Procedure require that a motion to dismiss for lack of *in personam* jurisdiction be filed prior to an answer to the Complaint. During the JEM Matter, Defendant first filed an answer to the complaint and therefore waived the *in personam* jurisdiction challenge. During a June 13, 2018, hearing in the JEM Matter, Plaintiff was precluded from speaking and had her filings stricken as a result of Defendant's representation. Further, Defendant had failed to check his spam folder and as a result failed to timely respond to a motion for summary judgement directed against Plaintiff. As a result of the above, the Nevada Appellate and Supreme courts were therefore provided an insufficient record to review Plaintiff's claims. Plaintiff's successor counsel "was unable to remediate the Defendant's State Case such that it would result in a favorable outcome," and was unable to present evidence that Danjon's case against Plaintiff was based on a fraudulent bait-and-switch scheme and was precluded by language in a Promissory Note stating that the matter was governed by California law.

## II.     PROCEEDURAL HISTORY

Plaintiff Speer filed her first Complaint on July 16, 2021. ECF No. 1. In that Complaint, she raised negligence and legal malpractice claims against Defendant. Id. On March 1, 2022, Defendant filed his first Motion to Dismiss. ECF No. 11. That motion was fully briefed. ECF Nos. 16, 17. The Court granted the motion and dismissed the Complaint without prejudice at a hearing on January 24, 2023. ECF No. 26. The Court gave Plaintiff leave to amend to provide additional allegations regarding the attorney-client relationship. Id. On February 27, 2023, Plaintiff filed an Amended Complaint ("FAC"). ECF No. 32. The FAC again alleged negligence and legal malpractice claims against Defendant. Id. That same day, Defendant filed his second Motion to Dismiss. ECF No. 30. That motion was fully briefed. ECF Nos. 33, 34. On September 20, 2023,

the Court granted the motion and dismissed the FAC without prejudice. ECF No. 36. The Court granted Plaintiff leave to amend her complaint to set forth assertions establishing an attorney-client relationship between herself and Defendant. Id. On October 30, 2023, Plaintiff filed her Second Amended Complaint ("SAC"). ECF No. 39. On November 6, 2023, Defendant filed his third and instant Motion to Dismiss. ECF No. 40. That motion is fully briefed. ECF Nos. 40, 41.

The Court's Order follows.

### III.     LEGAL STANDARDS

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Ninth Circuit has instructed that "pro se pleadings . . . are to be liberally construed on a motion to dismiss." Capp v. County of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019).

## IV. DISCUSSION

Defendant Mondejar moves for this Court to either dismiss the SAC or, in the alternative, enter summary judgment in his favor. For the reasons set forth below, the Court grants-in-part and denies-in-part the motion.

### A. Summary Judgement

The Court finds that Mr. Mondejar has not properly moved, in the alternative, for summary judgement. "If, on a motion presented under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgement under Rule 56." Fed. R. Civ. P. 12(d). While Defendant has included various exhibits in his motion, the Court excludes those exhibits for the following reasons.

First, the Court finds that the instant motion fails to comply with the local rules regarding exhibits. All documents, including motions and exhibits, that are capable of being filed in a searchable PDF format must be filed in that format. Local Rule IC 2-2(a)(1). Mr. Mondejar's motion includes approximately 60 pages of exhibits. While "[e]xhibits and attachments must not be filed as a part of the base document in the electronic filing system[,]" Mr. Mondejar has simply appended them to his motion. Local Rule IC 2-2(a)(3)(A). Next, "[a]n index of exhibits must be provided" but his motion does not include one. As such, the Court excludes these exhibits from consideration. See Local Rule IC 7-1 ("The court may strike documents that do not comply with these rules."); Local Rule IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules[.]").

Second, the Court finds that Mr. Mondejar has failed to satisfy his burden of production. On summary judgement, "[t]he court need consider only the cited materials[.]" Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) (explaining that a district court need not consider uncited materials); see also Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982) ("[A]ppellants made virtually no effort to organize the documents [in support of summary judgement] in a reasonably intelligent manner.") Throughout argument section of his briefs, Defendant asserts a wide variety of facts. However, there is a dearth of citations to the record or even clarity about whether Defendant is arguing a fact or citing to one

established by evidence. In essence, Defendant invites this Court to scour the record and present the evidence supporting summary judgement. The Court declines to do so. "[J]udges are not like pigs, hunting for truffles buried in briefs." Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994).

Third, even where the above insufficient, a Motion for Summary Judgement at this stage would be improper. As the Parties have not completed discovery, the Court would find such a motion premature. In addition, *pro se* plaintiffs must receive notice of summary judgment requirements before a federal court may grant summary judgment, and plaintiff has not been provided with such notice. See Rand v. Rowland, 154 F.3d 952, 953 (9th Cir. 1998) (affirming that a *pro se* prisoner is entitled to fair notice of Rule 56 requirements).

In sum, the Court finds it appropriate to exclude the exhibits from consideration and will address Defendant's motion as only a motion to dismiss.

### B. Motion to Dismiss

The Court now turns to the motion to dismiss. The Court notes that in multiple places Defendant cites Federal Rule of Civil Procedure 12(b)(5), which provides for dismissal of a complaint for want of sufficient process. However, no argument is raised concerning the service of process. Given that Defendant argues dismissal is warranted for Plaintiff's failure to state a claim, the Court proceeds under the assumption that Defendant intends seek dismissal of the SAC under 12(b)(6). Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted[.]"). Defendant argues that the SAC fails to state a claim because (1) there was no attorney-client agreement between Plaintiff and Defendant, (2) the SAC contains contradictory statements, (3) the SAC does not establish a breach of duty by Defendant, and (4) the SAC does not establish that such a breach caused damages. For the reasons below, the Court grants the motion to dismiss.

#### i. *Applicable Law*

In Nevada, a plaintiff must establish four elements to prevail on a negligence claim: (1) a duty of care; (2) a breach of that duty; (3) legal causation; and (4) damages. Turner v. Mandalay Sports Entm't, LLC, 180 P.3d 1172, 1175 (Nev. 2008). "Causation has two components: actual cause and proximate cause." Clark Cnty. Sch. Dist. v. Payo, 403 P.3d 1270, 1279 (Nev. 2017).

1  "Proximate cause is defined as 'any cause which in natural [foreseeable] and continuous sequence
2  unbroken by any efficient intervening cause, produces the injury complained of and without which
3  the result would not have occurred.'" Id.

4  In Nevada, legal malpractice is a species of the tort of professional negligence. Sorenson
5  v. Pavlikowski, 581 P.2d 851, 853 (Nev. 1979). To prevail on a legal malpractice claim, a plaintiff
6  must prove the following elements: (1) an attorney-client relationship; (2) a duty owed by the
7  attorney to the client "to use such skill, prudence, and diligence as lawyers of ordinary skill and
8  capacity possess in exercising and performing the tasks which they undertake"; (3) a breach of that
9  duty; (4) "the breach being the proximate cause of the client's damages"; and (5) that the plaintiff
10 suffered actual loss or damage as a result of the negligence. Day v. Zubel, 922 P.2d 536, 538 (Nev.
11 1996). "To satisfy the causation element, [the plaintiff] must prove that 'but for' [a defendant]'s
12 negligence, [the plaintiff] would have achieved a better result in the underlying action." Iliescu v.
13 Hale Lane Peek Dennison & Howard Pro. Corp., 455 P.3d 841 (Nev. 2020) (Table); see also Wacht
14 v. Peel & Brimley, LLP, 131 Nev. 1360 (2015) (Table) ("Establishing causation . . . requires the
15 plaintiff to prove what has been characterized as a case within a case, that is, the plaintiff must
16 demonstrate that the claim underlying the malpractice action would have been successful if the
17 attorney had acted in accordance with his or her duties.").

18 **ii.  *Plaintiff's Theories of Liability***

19 The Court now turns to the merits of the motion to dismiss. Ms. Speer argues that the same
20 allegations underlie both her negligence claim and her legal malpractice claim. This Court has an
21 obligation to liberally construe *pro se* filings. Capp v. County of San Diego, 940 F.3d 1046, 1052
22 (9th Cir. 2019). In considering the sufficiency of the complaint, the Court considers both the
23 allegations in the SAC and takes judicial notice of the docket, filings, and appeal of the JEM
24 Matter. "As a general rule, 'a district court may not consider any material beyond the pleadings in
25 ruling on a 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)
26 (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)). However, a court may consider two
27 forms of extrinsic evidence without converting a motion to dismiss into a motion for summary
28 judgement. Id. First, material "properly submitted as part of the complaint" may be considered.

1  Branch, 14 F.3d at 453. Such material attached to a complaint may be considered while unattached
2  materials may be considered if their authenticity is not contested. Id. at 454. Second, "under
3  [Federal Rule of Evidence] 201, a court may take judicial notice of 'matters of public record.'"
4  Lee, 250 F.3d 668, 688-89 (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th
5  Cir. 1986). These facts include documents on file in federal or state courts. Harris v. Cnty. of
6  Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court takes judicial notice of the docket and
7  filings in the underlying state case and its appeal as such public records.[1] See Danjon Capital Inc.
8  v. JEM Contracting Co. LLC, Case No. A-17-751487-C (Nev. Eighth Jud. Dist. Ct.); Speer v.
9  Danjon Capital, Case No. 80083-COA (Nev. Ct. App.).

Reading the SAC library, the Court understands Ms. Speer to be raising two theories of liability for both claims. First, she argues Mr. Mondejar negligently waived a meritorious *in personem* challenge by filing an earlier in time answer. Second, she argues that Mr. Mondejar negligently failed to oppose the motion for summary judgement against her. The Court considers and rejects each in turn.

### 1. *Failure to Answer*

The Court finds Ms. Speer's first theory of liability is fatally undermined. Ms. Speer alleges that Mr. Mondejar first filed an answer to the complaint, thereby waiving her *in personem* jurisdiction challenge.[2] Under Nevada Rule of Civil Procedure 12(h), a party waives certain defenses, including lack of personal jurisdiction, by failing to include them in an answer or pre-answer motion. The Court takes judicial notice of the following relevant adjudicative facts. The

---

[1] The Court also notes that, while such judicial records are not subject to reasonable dispute, Ms. Speer has an opportunity to contest the accuracy of the docket and the filings relied upon by the Court as Defendant included them as attachments to his motion for summary judgement. She did not do so. Ms. Speer attached the June 13, 2018, hearing transcript to the SAC, which is an independent basis for judicial notice. See Branch, 14 F.3d at 453.

[2] Plaintiff also complains that Defendant's alleged failure to object "caused the Plaintiff to lose her ability to challenge the District Court's assertion of . . . subject matter jurisdiction over her." Like in federal court, under Nevada law "questions of subject matter jurisdiction are never waived." Mainor v. Nault, 101 P.3d 308, 315 n.9 (Nev. 2004). Parties cannot confer jurisdiction upon a Nevada court by consent or waiver. Vaile v. Eighth Judicial Dist. Court, 44 P.3d 506, 515 (Nev. 2002). Because this argument could have been raised later, and indeed was raised later, the Court will only consider the *in personam* jurisdiction argument. See Nev. R. Civ. P. 12(h).

underlying state complaint was filed on February 22, 2017. On March 28, 2017, Ms. Speer filed *pro se* the answer on behalf of herself and JEM. On April 28, Danjon moved to strike the Answer as *inter alia* non-lawyers may not represent entities in Nevada. At a May 31, 2017, hearing on the motions, Mr. Mondejar appeared in the case for the first time.

The Court finds that Ms. Speer's first theory fails for two reasons. First, Ms. Speer herself filed the answer. Her signature, not that of Mr. Mondejar, is at the bottom. In Nevada, "the rules of civil procedure 'cannot be applied differently merely because a party not learned in the law is acting *pro se*.'" Rodriguez v. Fiesta Palms, LLC, 428 P.3d 255, 258 (Nev. 2018) (quoting Bonnell v. Lawrence, 282 P.3d 712, 718 (Nev. 2012)). Ms. Speer waived her own *in personem* challenge. She is the proximate cause, not Mr. Mondejar, of that harm. See Payo, 403 P.3d at 1279 (requiring that Defendant "produces the injury complained of" for negligence); Iliescu, 455 P.3d 841 (explaining legal malpractice plaintiffs "must prove that 'but for'" causation). Second, the SAC and the record in JEM agree that Mr. Mondejar was not Ms. Speer's lawyer at that time. Without an existent attorney-client relationship, no duty for either claim could exist. See Turner, 180 P.3d at 1175 (listing "a duty of care" as a negligence element); Day, 922 P.2d at 538 (requiring an "attorney-client relationship" for legal malpractice). Naturally without a duty of care, there can also be no breach of that duty. See Turner, 180 P.3d at 1175 (listing "breach of that duty" as a negligence element); Day, 922 P.2d at 538 (same).

### 2. *Failure to Oppose Summary Judgement*

The Court finds that Ms. Speer has not properly pleaded her second theory. Specifically, the Court finds that Ms. Speer has failed to plead causation as to her second theory of liability. Both negligence and legal malpractice claims require "but-for" causation. See Sims v. Gen'l Tel. & Elec., 815 P.2d 151, 156 ("[I]n order to satisfy [actual causation], [a] plaintiff must show that but for the defendant's negligence, his or her injuries would not have occurred."); Iliescu, 455 P.3d 841 ("To satisfy the causation element, [the plaintiff] must prove that 'but for' [a defendant]'s negligence, [the plaintiff] would have achieved a better result in the underlying action."). For legal malpractice claims, this means a plaintiff must prove a case-within-a-case—that is, the underlying

action would have ended in their favor "if the attorney had acted in accordance with his or her duties." Wacht, 131 Nev. 1360 (2015) (Table); see also Ronald E. Mallen, 4 Legal Malpractice § 33:66 (2024 ed.) ("A common complaint [for legal malpractice] is the failure to oppose . . . a summary judgement motion . . . . the client must prove that the motion should have been defeated."). Therefore, for both claims, Ms. Speer must show that had Mr. Mondejar opposed summary judgment, she would have prevailed in the JEM Matter.

Ms. Speer does not clearly articulate what arguments that Mr. Mondejar could have raised to defeat summary judgment. The Court construes the SAC liberally to find that Ms. Speer argues Mr. Mondejar could have succeeded with arguments concerning: (1) subject matter jurisdiction, (2) *in personem* jurisdiction, and (3) venue. The Court finds that the state court system substantively considered each of these arguments. For instance, at a June 13, 2018, hearing in the JEM matter, the Court denied a pair of motions filed by Mr. Mondejar and Ms. Speer. The Court explained the denial was based on "both [the] procedural bar and substantively [because there] was no basis [for relief] . . . . I made substantive rulings on them and said they're denied." Because the relevant arguments were considered, Ms. Speer cannot establish that had Mr. Mondejar raised these arguments at summary judgment he would have prevailed. Because she cannot establish "but-for" causation, the Court finds that Ms. Speers' second theory is insufficiently pleaded.

### C. Amendment

When dismissing a complaint, a court should grant leave to amend if the complaint could possibly be cured by additional factual allegations; however, "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013). However, leave to amend should be denied when amendment would be futile. See Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). In light of the fatal defects identified above and that leave to amend has already been granted multiple times, the Court finds that amendment would be futile. Therefore, the Court denies leave to amend.

///

///

| | |
|---|---|
| 1 | **V.    CONCLUSION** |
| 2 | For the foregoing reasons, **IT IS ORDERED** that the Defendant Jeremy Mondejar's third |
| 3 | Motion to Dismiss (ECF No. 39) is **GRANTED**. The Second Amended Complaint is |
| 4 | **DISMISSED with prejudice**. The Clerk of Court is instructed to close this case. |
| 5 | |
| 6 | **DATED:** September 30, 2024. |
| 7 | |
| 8 | _____ |
| 9 | **RICHARD F. BOULWARE, II**<br>**UNITED STATES DISTRICT JUDGE** |