UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELISSA SPEER, | Case No. 2:21-cv-01355-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| JEREMY MONDEJAR, | |
| Defendant. | |

Before the Court for consideration is *pro se* Plaintiff Elissa Speer's (ECF No. 45) Motion for Reconsideration. For the following reasons, the Court denies the Motion.

**I.    RELEVANT BACKGROUND**

The Court incorporates by reference the factual allegations and procedural history set forth in its September 30, 2024 Order and adds the following. See ECF No. 44. This Court previously granted Defendant's first and second Motion to Dismiss without prejudice. See ECF Nos. 26, 37. In both instances, Plaintiff was provided leave to amend her complaint to address the deficiencies identified in the Court's Orders. Id. In its September 20, 2023 Order, Plaintiff was informed she would be granted "one final opportunity to amend her complaint." ECF No. 37. Plaintiff filed her Second Amended Complaint ("SAC"), and on September 30, 2034, the Court dismissed this action with prejudice for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6). See ECF No. 44. On November 1, 2024, Plaintiff filed the instant Motion for Reconsideration. ECF No. 45. Defendant filed an Opposition. ECF No. 46. The Court's Order on the pending Motion for Reconsideration follows.

## II. LEGAL STANDARD

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment or final order. "Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001); see also Herron v. Wells Fargo Fin. Inc., 299 Fed. App'x 713, 715 (9th Cir. 2008) (noting the district court properly applied the Rule 60(b) standard due to the timing of filing of the relevant motion for reconsideration).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "[T]he merits of a case are not before the court on a Rule 60(b) motion[.]" Casey v. Albertson's Inc., 362 F.3d 1254, 1261 (9th Cir. 2004). Rather, the circumstances are limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); Hanson v. Shubert, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020).

Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances . . ." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

## III. DISCUSSION

Plaintiff's Motion for Reconsideration was filed more than 28 days after the Court entered its final Order dismissing this case with prejudice. Therefore, Plaintiff must establish she is entitled to relief under Rule 60(b). However, Plaintiff's Motion only reiterates arguments already presented and considered by this Court in its final Order dismissing this case with prejudice.

As stated in the Order, Plaintiff's theory of liability based on Defendant's failure to assert an *in personam* jurisdictional challenge on her behalf fails because Plaintiff, who represented herself *pro se* at the time, filed her own answer on March 28, 2017, which failed to raise such a challenge. Thus, Plaintiff, not Defendant, caused the waiver. Further, both Plaintiff's SAC and the state court record indicate that Defendant did not represent Plaintiff at the time she filed her answer. The SAC alleges only that an attorney client relationship between Plaintiff and Defendant "evolved" at some point, after Plaintiff initially represented herself *pro se*, and refers to an attached transcript of a hearing in the underlying state court action, which indicates only that Defendant made an appearance on behalf of Plaintiff as of May 31, 2017—after Plaintiff filed her answer *pro se*.

Accordingly, as reasoned in the September 30, 2024 Order, Plaintiff's negligence and legal malpractice claims based on Defendant's waiver of an *in personam* jurisdictional challenge fail because (1) no attorney-client relationship existed at the time Plaintiff filed her answer and thus no duty of care existed and (2) Plaintiff filed her answer without raising the challenge, and thus caused the waiver, not Defendant. See Day v. Zubel, 922 P.2d 536, 538 (Nev. 1996) (a legal malpractice claim requires both the existence of an attorney-client relationship and a showing that the attorney caused the harm to the plaintiff). Moreover, Plaintiff cannot show that the *in personam* challenge would have led to a different outcome had it not been waived—rather, the state court considered Plaintiff's jurisdictional argument on the merits and found that the lease agreement underlying the case specifically provided for jurisdiction and venue in the Nevada court. As the Nevada court of appeals held in affirming the state court's judgment against Plaintiff:

> [T]he district court considered Speer's assertion and concluded that the instant action sought to enforce the lease agreement between the parties—which specifically provided Nevada would have jurisdiction and would be the forum for any disputes—and that any collateral agreements were irrelevant to these proceedings . . . Speer has failed to offer any cogent argument as to why the jurisdiction and forum selection clause in the subject lease agreement was invalid or inapplicable in the instant action over that lease agreement, and nothing in the record demonstrates the same.

Speer v. Danjon Capital, Inc., 473 P.3d 1052 (Nev. App. 2020) (unpublished).

Similarly, Plaintiff's claims based on Defendant's failure to oppose summary judgment on

- 3 -

her behalf fail because Plaintiff has not articulated any argument or defense that Defendant could have raised in an opposition which would have led to summary judgment being denied. Iliescu v. Hale Lane Peek Dennison & Howard Pro. Corp., 455 P.3d 841 (Nev. 2020) (Table) ("To satisfy the causation element, [the plaintiff] must prove that 'but for' [a defendant]'s negligence, [the plaintiff] would have achieved a better result in the underlying action."). Plaintiff's Motion for Reconsideration only reiterates the arguments made in her Opposition to the Motion to Dismiss— that had Defendant informed her about discovery requests, his expansion of the scope of representation, the filing of motions by the other side and motions filed and actions taken on her behalf, "that would not have resulted in summary judgment." See ECF No. 45 at 5. But as this Court explained in dismissing the SAC, the state court granted summary judgment against Plaintiff because "there [was] no substantive factual or legal basis" to deny it. And again, to the extent Plaintiff claims her arguments regarding jurisdiction or venue would have prevented summary judgment against her had they been raised, those arguments *were* considered on the merits and rejected. See Speer, 473 P.3d 1052.

Because no further amendment could cure these fatal defects, and because Plaintiff has already been provided multiple opportunities to amend, this Court properly dismissed the SAC with prejudice. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

The Court has reiterated its holding on the merits of Defendant's Motion to Dismiss for Plaintiff's benefit, in the hope of aiding her understanding of the Court's previous ruling. However, Plaintiff has failed to show any of the grounds for relief under Rule 60(b) exist, and thus her Motion must be denied without reconsideration of the merits. Likewise, Plaintiff's request to file a third amended complaint in her Motion for Reconsideration cannot be granted in the absence of a showing of entitlement to relief under Rule 60(b). BLOM Bank SAL v. Honickman, 145 S. Ct. 1612, 1621 (2025) (Holding a party seeking relief under Rule 60(b) "must always demonstrate extraordinary circumstances justifying relief," and a motion to amend the complaint under Rule 15 "does not alter that standard.") (citation and internal quotation marks omitted).

---
## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's (ECF No. 45) Motion for Reconsideration is **DENIED**.

This case will remain closed. No further documents may be filed in this now closed case unless related to appeal.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**
Restructuring: